UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON RUIZ (A No. 075 647 943), | No.  1:26-cv-3942 DC CKD P |
| Petitioner, | |
| v. | |
| WARDEN, GOLDEN STATE ANNEX ICE DETENTION FACILITY, et al., | FINDINGS AND RECOMMENDATIONS |
| Respondents. | |

Petitioner, detained by the Immigration and Customs Enforcement Agency (ICE) at the Golen State Annex ICE Detention Facility in McFarland, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging that detention.[1]   For the reasons which follow, the court recommends that the petition be dismissed.

I. Facts

Petitioner is a native and citizen of Mexico.  ECF No. 10-1 at 1.  He entered the United States without authorization in 2006.  ECF No. 10-1 at 3.  On June 24, 2019, petitioner was convicted of annoying or molesting a child under the age of 18 after entering an inhabited

/////

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

dwelling without consent in violation of Cal. Penal Code § 647.6(B) in Contra Costa County and sentenced to 364 days in jail.  ECF No. 10-1 at 9-10.

Petitioner was arrested in front of his home in Madera on March 6, 2026, by ICE officers. ECF No. 1 at 5; id. 10-1 at 2-3, and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), ECF No. 10-1 at 2.

Petitioner has not received a hearing concerning the validity of arrest or detention although it does not appear petitioner has requested one.  The status of petitioner's immigration proceedings is not clear.

II.  Standard for Habeas Relief

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States."  Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).  Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."  I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001).  A district court's habeas jurisdiction includes challenges to immigration detention.  See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

III.  Analysis

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A) and 8 U.S.C. § 1182(c)(2) without any process such as a bond hearing because petitioner's conviction for the crime identified above amounts to a crime of "moral turpitude."[2]

Petitioner has the ability to challenge whether his conviction qualifies petitioner for mandatory detention via a request for a Matter of Joseph, 22 I&N Dec. 799 (BIA 1999) hearing

---

[2] A crime involving moral turpitude has been defined to include "a crime that (1) is vile, base, or depraved and (2) violates accepted moral standards."  Walcott v. Garland, 21 F.4th 590, 598 (9th Cir. 2021) (citation modified).

2

before an immigration judge, Demore v. Kim, 538 U.S. 510, 514 (2003), and he has the ability to appeal any decision to the Board of Immigration Appeals. Buckley v. Chestnut, No. 1:26-cv-02624-DAD-JDP, 2026 WL 1030931, at *3 (E.D. Cal. Apr. 16, 2026). Since it is not clear under law whether a violation of Cal. Penal Code § 647.6(B) is a crime of moral turpitude, petitioner pursuing a hearing before an immigration judge and then an appeal are not futile. Also the court finds agency expertise makes agency consideration appropriate. Not requiring petitioner to exhaust the agency remedies available to him would encourage deliberate bypass of such remedies by others. Furthermore, agency review will allow the agency to correct mistakes possibly precluding the need for judicial review. Considering all of these factors, this action should be dismissed for plaintiff failure to exhaust the remedies available to him. Id.[3]

Petitioner suggests that his being subject to mandatory detention without a bond hearing violates the Due Process Clause. This argument was specifically rejected by the Supreme Court in Demore. There, petitioner was held for 6 months without a bond hearing. Demore, 538 U.S. at 530-31. Here, petitioner has been held about 4 months. While the length of detention may at some point mean that the appropriateness of custody has to be evaluated by an immigration judge to satisfy the Due Process Clause, petitioner's detention has not passed such a threshold.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED for failure to exhaust available administrative remedies; and

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be

---

[3] Respondent has waived any argument that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225. If an immigration judge finds at a Joseph hearing that a violation of Cal. Penal Code § 647.6(B) is not a crime of moral turpitude under 8 U.S.C. § 1226(c)(1)(A) and 8 U.S.C. § 1182(c)(2), petitioner must be provided a bond hearing under 8 U.S.C. § 1226(a).

3

served and filed within 14 days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 6, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
ruiz3942.imm.frs